Leroy PINKARD, Appellant,

v.

STATE of Missouri, Respondent.

No. 49268.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

On June 19, 1984, movant entered pleas of guilty to murder in the first degree and assault in the first degree, and was sentenced to concurrent terms of life imprisonment. In February, 1984, he filed this Rule 27.26 motion alleging his appointed counsel ineffectively represented movant and denied him the right to testify at the hearing on a motion to suppress an allegedly involuntary confession, and instructed movant to lie at the guilty plea hearing when asked if the confession was voluntary. The motion was denied without an evidentiary hearing, and this appeal followed.

In his sole assignment of error, movant claims sufficient facts were alleged to warrant an evidentiary hearing. We disagree. An evidentiary hearing on a Rule 27.26 motion is necessary only when facts, not conclusions, are pled which are not refuted by the record and which, if true, would warrant relief. *Baker v. State*, 680 S.W.2d 278, 279, 281[3] (Mo.App.1984).

No such facts were pled here. Movant complains his trial attorney was ineffective for failure to call movant to testify in the hearing on the motion to suppress his confession. As we have not been favored with a transcript of that hearing, we cannot comment upon the effectiveness of counsel's assistance there. However, the selection of witnesses and evidence to be produced at a hearing is a matter of litigation strategy and professional judgment, and is an inadequate ground upon which to rule representation ineffective. *Smith v. State*, 684 S.W.2d 520, 523[6] (Mo.App.1985). Movant's allegation his counsel told him to lie in the guilty plea hearing is, without more, insufficient. *Steinlage v. State*, 581 S.W.2d 849, 850[3] (Mo.App.1979).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.