**Michael CAPRARO, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50603.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 3, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
July 9, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Linda Vespereny, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from the denial, without an evidentiary hearing, of movant's Rule 27.26 motion. We affirm.

On July 15, 1983, movant pled guilty to charges of assault in the first degree, burglary in the first degree, and four counts of robbery in the first degree. He was sentenced to concurrent terms of thirteen (13) years' imprisonment on each count. On March 15, 1985, he filed this motion under Rule 27.26, alleging he had not knowingly, intelligently, and voluntarily pled guilty, because he was led to believe several of the felony charges against him had been reduced to misdemeanors. Further, he claimed to have undergone oral surgery shortly before the proceedings on the guilty plea and was on medication and unable to understand the proceedings. The court held these allegations were refuted by the record of the guilty plea proceeding and denied the motion without an evidentiary hearing.

To be entitled to an evidentiary hearing, movant had to plead facts, not conclusions, not refuted by the record, and which, if true, would have entitled movant to relief. *Pinkard v. State*, 694 S.W.2d 761, 762[1] (Mo.App.1985). The allegations in the motion are clearly refuted by the record. Movant was not misled as to the nature and seriousness of the charges. The record of the guilty plea proceeding shows movant had consulted with his attorney and was satisfied with her services. There was a factual basis for a finding of guilt on each count, and he was, in fact, guilty. He understood the range of punishment for each offense, was aware of the State's recommendation of a thirteen-year sentence, and knew of no reason not to pronounce sentence. He was clearly informed by the court that all six charges were for felony offenses and acknowledged this information. The record clearly refutes any claim movant could reasonably have believed some of the charges had been reduced to misdemeanors.

Movant also alleged he was unable to fully understand the proceedings due to the effects of medication following oral surgery. The mere ingestion of drugs is insufficient to render a person incapable of pleading guilty. *Smith v. State*, 674 S.W.2d 634, 636[3] (Mo.App.1984). The motion does not specify what drug movant is alleged to have ingested, and only in the most conclusionary manner does it allege the putative effects of this medication upon movant. In any event, movant specifically denied being under the influence of any drugs, narcotics, or alcohol at the plea hearing; and therefore, this allegation is

refuted by the record. *Id.* at 636. As movant's allegations are refuted by the record, he was not entitled to an evidentiary hearing and the judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.