**John W. SIMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39443.**

Missouri Court of Appeals, Western District.

Feb. 2, 1988.

Joseph H. Locascio, Sp. Public Defender, Mark G. Camacho, Asst. Sp. Pub. Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and MANFORD, JJ.

NUGENT, Judge.

Defendant John Sims appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion confirming his conviction

for first degree robbery and first degree assault. He was sentenced to twenty-five and fifteen years, respectively, the sentences to be served consecutively.

We affirm.

Because of the convoluted nature of this case, we outline the facts leading to trial.

John Sims was accused of robbing Charlie's Liquor Store and of shooting Mr. and Mrs. Cascone, the owners. The Cascones testified that two men came into the store on June 21, 1981, about 11:00 p.m., that one of the men asked for superglue and Mrs. Cascone went to get it, that when she returned, the man grabbed her, threw her down, and shot her in the leg. The man grabbed money from the cash register. Amid much shooting by the two men and the Cascones, both of whom now had guns, the men escaped.

John Sims testified that June 21, 1981, was his 16th birthday, that he had been given some money for his birthday and had gone to gamble that evening; he testified that he had won more money when a man at the game got angry and started shooting, and as he ran he was shot. At about 10:30 p.m. he went to Children's Mercy Hospital, where a police officer interviewed him as a crime victim. Later he was transferred to Truman Medical Center. After the police learned of the robbery, Sims was interviewed as a possible suspect, and an officer confiscated his clothing.

Frank Smith and Carl Banks were both implicated in the robbery, but they could not be placed at the scene and no charges were filed against them.

Frank Smith was later arrested on other charges. While he was in jail, he heard that Carl Banks had told the police that he (Banks) was Smith and that he and Sims had robbed the liquor store. When Smith was released, he shot and killed Carl Banks "for being a snitch." Smith was arrested for murder, and a public defender, George Wheeler, was assigned to represent him. Mr. Wheeler was also representing John Sims on robbery and assault charges in connection with the robbery of Charlie's Liquor Store.

On January 21, 1982, defendant Sims was convicted by a jury of robbery in the first degree and assault in the first degree. He filed a timely appeal, and the judgment was affirmed on August 16, 1983. 656 S.W.2d 797.

On October 25, 1985, defendant filed a pro se motion under Rule 27.26 seeking to vacate and set aside the judgment and sentence. Counsel was appointed to represent him and filed an amended motion on June 5, 1986. In his motion defendant alleged ineffective assistance of counsel in that his trial attorney failed to endorse, call, subpoena or otherwise produce at trial the testimony of a potential defense witness.

An evidentiary hearing was held on March 13, 1987; Frank Smith, the potential witness, was called to testify. John Sims testified on his own behalf and George Wheeler, defendant's trial attorney, also testified.

Smith testified that he was presently incarcerated in the Missouri State Penitentiary for the murder of Carl Banks, that he and Banks had robbed Charlie's Liquor Store on June 21, 1981, that he had shot and wounded Mrs. Cascone, one of the owners, and fired several shots at Mr. Cascone, another owner, and that Banks had also been shooting. Smith further testified that defendant was not involved in the robbery in any way.

Smith testified that after his arrest for murder he learned that George Wheeler was representing both him and John Sims. He said that he told Mr. Wheeler that he would testify that he, and not Sims, had committed the robbery, but that Mr. Wheeler did not call him to testify and did not explain why.

George Wheeler testified that Smith told him that he wanted to testify on Sims' behalf but that Smith would never give any details of the robbery and then, on the day of Sims' trial, refused to testify that he had committed the robbery. Because of that refusal, Wheeler did not put Smith on the stand. Mr. Wheeler also testified that his representation of both men was not a conflict of interest, that they were not co-defendants, and that if Smith had agreed to testify that he committed the robbery, he would have asked the court to appoint counsel for Smith.

The trial court denied defendant's motion for relief under Rule 27.26. This appeal followed. Our review is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 27.26(j); *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App.1984).

The defendant contends that the trial court erred in overruling his Rule 27.26 motion because he was denied effective assistance of counsel in that his attorney failed to produce a witness who, if believed, could have absolved him of the charges against him, and that his attorney failed to withdraw from his representation of either the defendant or the potential witness based on a conflict of interest.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that his attorney failed to exercise the customary skill and diligence of a reasonably competent lawyer under similar circumstances and that this failure prejudiced defendant. *State v. Turner*, 623 S.W.2d 4, 12 (Mo.1981) (en banc). *Seales v. State*, 580 S.W.2d 733, 736 (Mo.1979) (en banc).

In his findings of fact and conclusions of law the hearing court found that Mr. Wheeler's decision not to call Frank Smith was a matter of trial strategy based on his professional judgment. Mr. Wheeler testified that, though Frank Smith told him that he wanted to testify for John Sims, Smith refused to testify that he had committed the robbery and so any testimony he might have offered would have been irrelevant. Effective assistance of counsel does not mean calling witnesses who are of no value to one's client. The attorney's selection of witnesses to be produced at trial is a matter of strategy which will not be lightly judged to be erroneous. *Pinkard v. State*, 694 S.W.2d 761, 762 (Mo.App.1985). *Stokes v. State*, 688 S.W.2d 19, 24 (Mo.App. 1985). We find that the trial court's ruling is not clearly erroneous.

Defendant also contends that his attorney failed to withdraw from either his case or Smith's case and that that failure represented a conflict of interest and denied him effective assistance of counsel.

John Sims was charged with the robbery of Charlie's Liquor Store; Frank Smith was charged with the murder of Carl Banks. The two crimes were unrelated, and the two defendants were not co-defendants. Although all three men, Sims, Smith and Banks had been implicated in the robbery of the liquor store, Smith and Banks could not be placed at the scene and no charges were filed against them. Mr. Wheeler testified that had Smith been willing to testify that he and not Sims committed the robbery, he would have called him as a witness and requested that the court appoint another lawyer to advise him of his rights before testifying.

Although Smith insisted at the Rule 27.26 hearing that he had been willing to testify that he committed the robbery, the trial court found that he was not a credible witness and accepted Mr. Wheeler's testimony as true. The credibility of witnesses at a Rule 27.26 hearing is for the hearing court to determine. *Black v. State*, 723 S.W.2d 474, 475 (Mo.App.1986). The ruling of the trial court is not clearly erroneous; the judgment is affirmed.

All concur.