Lena McGINNIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 54068.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 1988.

M. Dwight Robbins, Fredericktown, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the dismissal of her Rule 27.26 motion without an evidentiary hearing. We affirm.

On August 10, 1984, movant pled guilty to burglary in the second degree. The trial court suspended imposition of sentence and placed her on probation with the condition she not use drugs or alcohol. On June 14, 1985, her probation was revoked for smoking marijuana, and she was sentenced to seven years' imprisonment. She then filed a Rule 27.26 motion. The motion court, after making detailed findings of fact and conclusions of law, dismissed her motion without an evidentiary hearing.

■ Movant raises two points on appeal, both asserting she is entitled to an evidentiary hearing. To be entitled to an evidentiary hearing, she had to plead facts, not conclusions, not refuted by the record, and which, if true, would have entitled her to relief. *Capraro v. State*, 715 S.W.2d 11, 12[1] (Mo.App.1986).

■ Movant alleges her lawyer was ineffective antecedent to her guilty plea and at her probation revocation hearing. Movant's claim of ineffectiveness of counsel at her probation revocation hearing is not cognizable in a Rule 27.26 proceeding. *Clark v. State*, 736 S.W.2d 483, 484[1] (Mo.App. 1987).

■ Movant asserts her counsel was ineffective antecedent to her guilty plea because counsel failed to investigate the voluntariness of movant's statements to the police and to seek suppression of all statements she made. Upon a plea of guilty, all claims of ineffectiveness of counsel are waived except to the extent they made the plea involuntary. *Oerly v. State*, 658 S.W.2d 894, 896[2][4] (Mo.App.1983). Movant had made two statements to the police admitting to the crime. The circumstances indicated the second statement would have been inadmissible because a police officer obtained it by misrepresenting to movant that she would only be required to make restitution. There were no facts, however, to make the first confession inadmissible. At the guilty plea hearing, counsel stated he and movant had previously discussed the circumstances surrounding movant's statements to the police. He had advised movant her second state-

ment was not admissible, but her first one probably was. Movant confirmed she understood this. Further, when questioned by the court, movant answered she was satisfied with her attorney's investigations of the case, he had interviewed all witnesses, and she was fully satisfied with his advice and counsel. Movant's allegations are clearly refuted by the record, for it demonstrates movant voluntarily pled guilty with the full knowledge and advice of her counsel's opinion of the admissibility of her statements.

Movant also proposes her guilty plea was involuntary because she was under the influence of medications which affected her ability to reason and understand the proceedings. She asks for an evidentiary hearing to determine the effects of her medication. The mere ingestion of drugs is insufficient to render a person incapable of pleading guilty. *Capraro v. State*, 715 S.W.2d 11, 12[2] (Mo.App.1986). Nor does the recent ingestion of a drug invalidate a plea of guilty where the ability of the defendant to understand and give free assent to the conviction remain unimpaired. *Branstuder v. State*, 609 S.W.2d 460, 462[5] (Mo.App.1980).

The guilty plea transcript shows movant was questioned thoroughly as to whether she had consumed drugs, alcohol, or medication within three days prior to the plea. Movant responded she had only taken her prescribed medications. When questioned, movant responded these prescriptions did not affect her ability to reason, and she fully understood what she was doing. Since the trial court found, and the guilty plea record shows, movant had full understanding of the proceedings and the consequences of her plea, her allegations of a drug induced guilty plea are refuted by the record.

JUDGMENT AFFIRMED.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.