Terence CUPP, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 20906.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 1996.

Gary E. Brotherton, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Terence Cupp (movant) appeals an order dismissing his Rule 24.035 motion without an evidentiary hearing. He contends his allegations that he received ineffective assistance of counsel in his underlying criminal case were not refuted by the record of his guilty plea hearing. This court affirms.

Movant was charged with murder in the first degree. § 565.020.1, RSMo Supp.1993. He pleaded guilty pursuant to a negotiated plea agreement and was sentenced to life imprisonment without eligibility for probation or parole.

Following delivery to the department of corrections, movant filed a *pro se* Rule 24.035 motion. Counsel was appointed and an amended motion filed. Movant's amended motion alleged that he received ineffective assistance of counsel. One of the allegations of ineffective assistance of counsel was that an attorney who represented movant in his criminal case advised him "to give a statement to law enforcement officers on January 2, 1994."

The motion court found, "In this case all of Movant's claims are in fact refuted by the transcript of the plea of guilty and the files in the underlying criminal case." It entered its order denying movant relief and dismissing his motion.

Movant presents one point on appeal. He contends the motion court erred in finding, without an evidentiary hearing, that he did not receive ineffective assistance of trial counsel; that "[a] reasonably competent attorney acting under similar circumstances would not have advised [him] to give an incriminating statement." He contends that had he not given the confession to law enforcement officers, he would not have plead-

ed guilty; that, therefore, his plea of guilty was not given voluntarily.

Movant's conviction was based on a negotiated plea of guilty. Any claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the plea of guilty was made. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992). In order to show ineffective assistance of counsel, movant must show his representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced. *Id.* Movant must show, but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial. *Id.* at 464.

■ It is necessary for both prongs of the test to be proven in order to show ineffective assistance of counsel. *Betts v. State,* 876 S.W.2d 802, 804 (Mo.App.1994). If there was no prejudice, i.e., if there was no reasonable probability that had movant not made a statement to law enforcement officers he would have insisted on going to trial, movant's trial counsel was not ineffective. *State v. Bragg,* 867 S.W.2d 284, 293 (Mo.App.1993).

■ Movant contends he was entitled to an evidentiary hearing to establish his claim. Whether he is correct depends on the record of his guilty plea hearing. If his claim is refuted by that record, he is not entitled to an evidentiary hearing. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992).

At the guilty plea hearing, movant told the trial court he had discussed pleading guilty with all of his attorneys. Movant acknowledged that there were motions pending at the time he pleaded guilty. He understood that if he pleaded guilty, the motions would not be determined. He was asked if his attorneys had done everything he thought they should have done in representing him. Movant answered, "Yes, sir." The trial judge asked movant, "Have they done anything you think they should not have done in representing you?" Movant answered, "No, sir."

Movant was asked if anyone induced him to plead guilty against his will. He answered that they had not; that he was pleading guilty because he was guilty.

The trial court then asked the prosecuting attorney to summarize the evidence against movant that the state believed would be admissible if the case went to trial. After summarizing physical evidence the state intended to use if movant were tried, the prosecuting attorney added, "The evidence would further be that [movant], in a conversation at the Carthage Police Department, with [movant's minister], and with his mother, admitted that in fact he had in fact killed, sodomized, and burned [the victim]."

The trial court asked movant and movant answered:

THE COURT: ... [Y]ou've heard what the state has alleged would be the evidence against you. Is that what you expect the evidence would be against you?

A. Yes, sir.

Q. Do you believe—You've heard them say that you made certain statements to your minister, and you heard what they said he said. Is that what you understand that your minister would testify to if the Court were to state that he could testify?

A. That's what I understand that he would testify to.

Following other colloquy, the trial court accepted movant's plea of guilty finding it was "knowingly, intelligently, voluntarily made, that a factual basis exist[ed] for accepting [movant's] plea."

After pronouncing sentence, the trial court proceeded, as required by Rule 29.07(b)(4), to advise movant of his rights to proceed under Rule 24.035. The trial court asked additional questions concerning movant's counsel. The trial court's inquiry was detailed and exhaustive, consisting of six pages of transcript.

Movant was asked if he had sufficient time to discuss his case and his plea with his attorney before pleading guilty. He told the court he had. He was asked again if his attorneys had done the things he asked them to do before he pleaded guilty and if they had refrained from doing things he asked them not to do. He stated that they had.

Movant acknowledged that his attorneys had been assisted by investigators; that he had asked them to talk to certain people concerning his criminal charges. Movant told the trial court he understood the investigators had contacted the people he requested to be contacted; that he had seen reports or depositions relative to their interviews. He was asked if the sentence that was imposed was the one he expected; whether it was in accordance with the negotiated plea agreement he had made. Movant answered that it was.

The trial court again asked about movant's satisfaction with the attorneys who represented him in his criminal case. He expressed satisfaction with them. Movant was asked the following questions and gave the following answers:

Q. Do you have any complaints at all from any of the attorneys that represented you?

A. No, sir.

Q. Is there anything you wish me to consider concerning your representation by your attorneys before I determine whether or not probable cause exists to believe that you have received ineffective assistance of counsel?

A. No, sir.

The trial court made a finding "that no probable cause of ineffective assistance of counsel exists."

Movant argues that, notwithstanding the questions he was asked and the answers he gave at his guilty plea hearing and the inquiry immediately following sentencing, the record was not sufficient to permit the motion court to deny his Rule 24.035 motion without an evidentiary hearing. He contends his responses to the trial court's inquiry were not sufficiently specific to refute the allegation he now makes that he was inappropriately advised to make a statement to law enforcement officers. Movant relies on *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995), in support of this contention.

*Driver* involved a motion court's denial of a Rule 29.15 motion without an evidentiary hearing. Ms. Driver had been convicted of assault in the second degree in violation of

§ 565.060, RSMo 1994, and leaving the scene of a motor vehicle accident in violation of § 577.060, RSMo 1994.

The issue presented in the post-conviction motion was whether Ms. Driver's trial counsel was ineffective because he failed to investigate the effects a concussion she suffered in the accident and the effects a long-term illness with which she was afflicted, Meniere's disease, had on her actions after the accident. She contended the concussion she received affected her ability to think after the accident and the Meniere's disease affected her ability to walk. She claimed evidence concerning these maladies should have been introduced at her criminal trial; that had such evidence been adduced, she would have been acquitted.

Ms. Driver asserted that she provided her trial attorney with the name of the physician who treated her for Meniere's disease. She claimed her trial attorney did not thoroughly investigate the effects the ailment had on her actions; that medical experts should have been called to testify at trial but were not.

The motion court in *Driver* found that Ms. Driver's contention of ineffective assistance of trial counsel "was 'refuted by the record of the transcript of the sentencing proceeding.'" 912 S.W.2d at 54. Its finding was based on the answers to only four questions. The questions were asked as part of the Rule 29.07 inquiry. Ms. Driver was asked if she had any complaints about the public defender's office; if she thought they did a good job; whether they did anything she did not want them to do; and whether they did everything she wanted done. All of her answers were favorable to the public defender's office.

In reversing the motion court in *Driver*, the Supreme Court of Missouri held, with respect to a Rule 29.15 motion, "To preclude an evidentiary hearing, ..., the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the Rule 29.15 motion." 912 S.W.2d at 55. It contrasted the brevity of the trial court's inquiry following Ms. Driv-

er's sentencing with what occurs at guilty plea hearings saying:

> As a consequence of the thoroughness of the questioning conducted in most guilty plea proceedings, significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion.

*Id.* at 56 [footnote omitted].

Here, unlike in *Driver*, movant pleaded guilty. The trial court conducted a thorough inquiry concerning the voluntariness of movant's guilty plea both in connection with the guilty plea hearing and the Rule 29.07(b)(4) inquiry following sentencing. The record of the guilty plea hearing and the post-sentencing inquiry that was before the motion court addressed the conduct of movant's trial counsel and the nature of the representation he was provided in the criminal case in detail.

In accepting movant's plea of guilty, the trial court ascertained that movant had made incriminating statements to his mother and his minister, in addition to law enforcement officers. Based on that record, the motion court found no reasonable probability that movant would not have pleaded guilty had he not made incriminating statements to law enforcement personnel. The motion court concluded movant was not prejudiced by advice he allegedly received from his attorney to give a statement to law enforcement personnel; that he, therefore, did not receive ineffective assistance of counsel. The motion court's findings were not clearly erroneous. The order denying movant's Rule 24.035 motion is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.