Eric J. STUART, Appellant,

v.

STATE of Missouri, Respondent.

No. 29020.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 10, 2008.

Scott Thompson, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Appellant Eric J. Stuart ("Movant") appeals the motion court's denial without an evidentiary hearing of his "Amended Mo-

tion to Vacate, Set Aside, or Correct [Judgment] and Sentence and Request for Evidentiary Hearing" filed pursuant to Rule 24.035.[1] We affirm the judgment of the motion court.

The record reveals Movant was charged by Information on May 23, 2007, with one count of the Class B felony of assault in the first degree, a violation of section 565.050. On the same date, pursuant to a plea agreement, Movant pled guilty to the aforementioned charge.

At the guilty plea hearing, Movant acknowledged he had spoken with his attorney about his rights, the charges against him, and the plea agreement offered by the State. He related he understood the rights he was waiving by pleading guilty and he was pleading guilty because he was, in fact, guilty. The State recited the factual basis for the plea, Movant agreed with the facts as recited by the State, and Movant acknowledged he committed the crime as charged.[2] As part of a plea agreement, the State agreed to charge Movant with a Class B felony as opposed to a Class A felony; to dismiss a tampering charge against Movant; and to recommend a seven-year sentence. Further, the State agreed to grant Movant a furlough from the date of the plea on May 23, 2007, until May, 28 2007, at 6:00 p.m. Movant stated he understood the terms of the plea agreement and wanted to plead guilty. Thereafter, Movant expressly pled guilty and the trial court sentenced him to seven years in the Missouri Department of Corrections. Additionally, the trial court found Movant received effective assistance of counsel and Movant stated he was satisfied with his attorney's representation.

On July 18, 2007, Movant filed a *pro se* Rule 24.035 motion. Thereafter, the motion court appointed counsel to represent Movant and an amended Rule 24.035 motion was filed on October 22, 2007, by his appointed counsel. The motion court entered its Judgment and Findings of Fact and Conclusions of Law on January 30, 2008, by which it denied Movant's amended Rule 24.035 motion without an evidentiary hearing. This appeal followed.

In his sole point relied on, Movant maintains the motion court erred in denying his amended Rule 24.035 motion without an evidentiary hearing in that he was denied effective assistance of counsel because "counsel allowed the court to induce his plea by promising him a temporary release from jail" such that his guilty plea was involuntarily made. Movant specifically asserts "his guilty plea was not truly voluntary because it was induced solely by his desire to secure temporary release [because of his drug addiction] and not from an intelligent weighing of his rights." Movant asserts his rights were violated by his lack of a knowing and intelligent plea and he was "prejudiced because, if not for counsel's misconduct [Movant] would not have pled guilty but would have insisted upon trial." [3]

1. All rule references are to Missouri Court Rules (2007) and all statutory references are to RSMo 2000.

2. Apparently, the assault at issue occurred while Movant was incarcerated in the Greene County Jail on a charge of tampering with a motor vehicle and the victim of the assault was a corrections officer.

3. In the argument portion of his brief, Appellant urges he should have been granted an evidentiary hearing because the motion court "did not inquire whether Appellant was acting voluntarily when he made his guilty plea or [whether] he was being influenced by the opportunity to satisfy his addiction." This portion of Movant's argument was not raised in his amended Rule 24.035 motion nor was it raised in Movant's point relied on. Accordingly, we need not address it here. *See Day v. State*, 208 S.W.3d 294, 295 (Mo.App.2006);

██ "Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Boyd v. State*, 205 S.W.3d 334, 338 (Mo.App.2006); *see* Rule 24.035(k). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the 'definite and firm impression that a mistake has been made.'" *Morehead v. State*, 145 S.W.3d 922, 927 (Mo.App.2004) (quoting *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999)). We presume that the motion court's findings of fact and conclusions of law are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002). "Movant bears the burden of proving, by a preponderance of the evidence, that the motion court erred." *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App. 1998).

Rule 24.035(h) provides that a movant will receive an evidentiary hearing unless "the files and records of the case conclusively show that the movant is entitled to no relief...." In order for a Rule 24.035 movant to be entitled to an evidentiary hearing, the movant must satisfy three requirements: "(1) he must allege facts and not conclusions, which, if true, would warrant relief; (2) the allegations must not be refuted by the record; and (3) the matters of which he complains must have resulted in prejudice to his defense." *Azbell v. State*, 144 S.W.3d 863, 869 (Mo.App. 2004). "If any of these three factors is absent, the motion court may deny an evidentiary hearing." *Boyd*, 205 S.W.3d at 338.

██ "Upon a plea of guilty, a criminal defendant waives his constitutional rights, including his Sixth Amendment right to trial and Fifth Amendment privilege

*Dinwiddie v. State*, 905 S.W.2d 879, 881 (Mo.

against self-incrimination." *Huth*, 976 S.W.2d at 516. "The due process clause of the Fourteenth Amendment precludes a finding of a valid waiver of those rights unless it is knowing, intelligent, and voluntary." *Id.* "To prevail on a claim of ineffective assistance of counsel where a movant has entered a plea of guilty, a 'movant must show his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced.'" *Boyd*, 205 S.W.3d at 338 (quoting *Cupp v. State*, 935 S.W.2d 367, 368 (Mo. App.1996)); *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Movant must show, but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial." *Cupp*, 935 S.W.2d at 368. "Where, as here, there is a negotiated plea of guilty, a claim of 'ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made.'" *Boyd*, 205 S.W.3d at 338 (quoting *Cupp*, 935 S.W.2d at 368).

At the outset, we note that the portion of Movant's amended Rule 24.035 motion relating to his point on appeal stated

[t]hough counsel knew Movant had a dire—and largely uncontrolled—substance abuse problem, counsel brokered a guilty plea which allowed Movant's release from jail before his eventual incarceration. And while at the time Movant endorsed the idea of being released, it was *perhaps* ineffective of counsel to dangle the prospect of one last binge in exchange for his plea of guilty to a dangerous felony.

(Emphasis added). There is no assertion in Movant's amended Rule 24.035 motion that his counsel actually failed to provide

App.1995).

him with effective assistance of counsel. Movant only asserts that counsel's representation was "perhaps" ineffective.

■■ With that being said, the thrust of Movant's argument is that his "primary interest in pleading guilty was in getting out for one last binge because of his unresolved substance abuse problem" such that he was induced to plead guilty by the fact that his counsel brought him a plea agreement from the State which included a five day furlough. While it has long been held that " '[a] plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded,' " there is a requirement that the movant must prove one of the foregoing elements. *Boyd,* 205 S.W.3d at 340 (quoting *Bequette v. State,* 161 S.W.3d 905, 907 (Mo.App.2005)). Here, Movant fails to allege he was induced to plead guilty for any of the foregoing reasons. His reasoning appears to be that he is a drug addict and his desire for a five day drug binge caused him to plead guilty to the crime of assault in the first degree. This is not a legally recognized reason for rendering a plea involuntary. *See id.*

In the present matter, the finding that a voluntary plea was made is not refuted by the record. He clearly informed the trial court that he understood the charges against him; that he agreed with the factual basis recited by the State; that he agreed with the terms of the plea agreement; that he comprehended the rights he was waiving by pleading guilty; and that he was pleading guilty because he committed the crime with which he was charged. "If it is shown conclusively by the motion and record that Movant is not entitled to relief, a hearing shall not be held." *Azbell,* 144 S.W.3d at 869. None was necessary in this instance. The files and records of the case conclusively show that Movant is entitled to no relief. *See* Rule 24.035(h). "The motion court's findings were not clearly erroneous." *Cupp,* 935 S.W.2d at 370. Point One is denied.

The Judgment and Findings of Fact and Conclusions of Law of the motion court are affirmed.

BATES, J., and SCOTT, P.J., concur.