**Gregory D. WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29727.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 10, 2010.

Matthew Ward, Columbia, for Appellant.

Chris Koster, Atty. Gen. and John M. Reeves, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

In his sole point relied on, Gregory D. Williams ("Movant") appeals the motion court's denial following an evidentiary hearing of his postconviction motion filed pursuant to Rule 24.035, premised on his assertion of ineffective assistance of counsel which caused him to plead guilty to three counts of robbery when, as he maintains, his plea counsel failed to fully ascertain whether he was competent to enter the aforementioned guilty pleas.[1] We affirm the denial of Movant's postconviction motion.

The record reveals Movant was charged by "Information in a Felony Case" on May 14, 2007, with three counts of the Class A felony of robbery in the first degree, violations of section 569.020, and one count of the Class D felony of attempted escape from custody, a violation of section 575.200. Following charges being filed against him, Movant filed a "Notice of Intent to Rely Upon Defense of Mental Disease or Defect Excluding Responsibility"[2] which asserted that following a May 7, 2007, mental health examination Dr. Alwyn Whitehead ("Dr. Whitehead") concluded Movant was incompetent to stand trial as he was "not capable of assuming the role of a defendant at this time." The State was then granted the opportunity to have Movant examined and on June 28, 2007, following a mental health examination, Dr. Stephen Courtois and Dr. Katarzyna Krawczyk concluded Movant was capable of standing trial and that he was, in fact, attempting to fake a mental illness. Movant's trial counsel, Christopher Davis ("Attorney Davis"), then had Movant reexamined by Dr. Whitehead and Dr. Whitehead's second report concluded that Movant was "capable of participating in legal proceedings if he remains at his current level of psychiatric stability and would be able to assume the role of defendant."

Based on the aforementioned evaluations, the plea court held a competency hearing on December 13, 2007, at which only Dr. Courtois testified.[3] At the conclusion of the hearing, the plea court determined Movant was competent to stand trial. Immediately following the competency hearing, the plea court accepted Movant's guilty pleas pursuant to a plea agreement proposed by the State.[4] At the guilty plea hearing, the State recited the factual basis for his pleas and Movant agreed that the facts recited by the State were true. Movant informed the plea court that he was not under the influence of any substances and that his "mind [was] clear;" he was aware of the reasons for his court appearance and he understood the charges against him; he had enough time to discuss his situation with Attorney Davis; he

---

1. All rule references are to Missouri Court Rules (2008) and all statutory references are to RSMo 2000.

2. Section 552.020.1 states "[n]o person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures."

3. Movant's counsel introduced Dr. Whitehead's reports into evidence at this hearing, but presented no other evidence.

4. Per the plea agreement, the State agreed to dismiss the attempted escape from custody count and agreed to a cap of twenty-five years for each robbery count with the sentences to run concurrently.

understood the terms of the plea agreement and the possible range of punishment; he understood the rights he was relinquishing by pleading guilty; and he had not been coerced or promised anything in exchange for his guilty pleas. He stated he wanted to "[p]lead guilty on all counts" and that he was doing so "because [he was] sorry for what [he] did." The plea court then found his "pleas of guilty [were] made freely, voluntarily and intelligently and with a full understanding of the charges and consequences of his pleas of guilty" as well as "a full understanding of his rights attending a jury trial and the affect of his pleas of guilty on those rights."

A sentencing hearing was held on February 26, 2008, at which time Movant stated he had no complaints about Attorney Davis's performance. The trial court then sentenced Movant to three concurrent terms of twenty-five years imprisonment.

On June 18, 2008, Movant filed a *pro se* Rule 24.035 motion. Thereafter, the motion court appointed counsel to represent Movant and an amended Rule 24.035 motion was filed on October 30, 2008. The motion court held an evidentiary hearing on March 16, 2009.

At the hearing, Movant testified that Attorney Davis advised him that if they proceeded to trial he would be convicted and he would either spend the rest of his life in prison or in the mental hospital. Attorney Davis testified that he had originally intended to call Dr. Whitehead to testify at the competency hearing, but after Dr. Whitehead issued his second report, which found Movant to be competent to stand trial, he decided against challenging the competency finding by calling witnesses. He testified he had discussed Movant with Dr. Whitehead as well as Dr. Whitehead's conclusions about Movant's mental status. He then spoke with Mov-

ant and explained that if they were successful in their mental disease defense and won the trial he would still be sent to a mental hospital for an indefinite period of time. He related to Movant that if their defense was unsuccessful, he would face the possibility of serving several life sentences. Further, he told Movant they could proceed to trial without a mental health defense, but given that he confessed to the crimes and there were several eyewitnesses to his action there was little likelihood he would be acquitted. Attorney Davis related that after this discussion, Movant decided he did not want to pursue a mental health defense and wanted to accept the State's plea offer.

On March 24, 2009, the motion court entered its "Findings of Fact and Conclusions of Law" and "Judgment" in which it denied Movant's request for postconviction relief under Rule 24.035. This appeal by Movant followed.

■■■ "Appellate review of the denial of a Rule 24.035 motion for [postconviction] relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Boyd v. State*, 205 S.W.3d 334, 338 (Mo.App.2006); *see* Rule 24.035(k). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the 'definite and firm impression that a mistake has been made.'" *Morehead v. State*, 145 S.W.3d 922, 927 (Mo.App.2004) (quoting *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999)). We presume that the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002). Movant bears the burden of proving the grounds asserted for postconviction relief by a preponderance of the evidence. *Morehead*, 145 S.W.3d at 927; *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App.1998).

"To prevail on a claim of ineffective assistance of counsel where a movant has entered a plea of guilty, a 'movant must show his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced.' " *Boyd*, 205 S.W.3d at 338 (quoting *Cupp v. State*, 935 S.W.2d 367, 368 (Mo. App.1996)); *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Movant must show, but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial." *Cupp*, 935 S.W.2d at 368. "Should a movant fail to satisfy either the performance prong or the prejudice prong of the test, the other prong need not be considered." *Johnson v. State*, 5 S.W.3d 588, 590 (Mo.App.1999). Where, as here, there is a negotiated plea of guilty, a claim of "ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the plea of guilty was made." *Cupp*, 935 S.W.2d at 368.

In his sole point relied on, Movant maintains the motion court erred in denying his amended Rule 24.035 motion in which he asserted he received ineffective assistance of counsel in that Attorney Davis "failed to call Dr. [Whitehead] at [Movant's] competency hearing to explain why he had initially found [Movant] to be incompetent to proceed in this case before changing his diagnosis three days before the competency hearing." He asserts he was prejudiced by his counsel's actions "because his competency was at issue, and if he was in fact incompetent at the time of his plea, then it was not 'a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act.' "

■ In his argument, Movant maintains that without having an opportunity to hear Dr. Whitehead testify "the plea court was not given a complete picture of [Movant's] competency at the competency hearing." However, Movant has failed to demonstrate what Dr. Whitehead would have testified to or how his testimony would have created doubt as to his competency to stand trial. It is clear that Dr. Whitehead's reports were in front of the plea court at the competency hearing and the plea court was fully aware that Dr. Whitehead changed his determination to conclude Movant was competent to stand trial. Movant makes no assertions as to what additional information could have been gleaned from the live testimony of Dr. Whitehead which would have aided the plea court in determining his competency. Movant's argument fails to show how a lack of testimony by Dr. Whitehead rendered his pleas involuntary.[5] Accordingly, Attorney Davis's decision not to call Dr. Whitehead to testify at the competency hearing did not prejudice Movant as it did not render his guilty plea involuntary. The motion court did not err in denying his request for postconviction relief. Point denied.

The findings of fact and conclusions of law and judgment of the motion court are affirmed.

BATES, P.J., and BURRELL, J., Concur.

---

5. Further, Movant testified at the plea hearing that he understood the legal proceedings pending against him; he was pleading guilty because he committed the crimes at issue; he was satisfied with his counsel's services on his behalf; and he was voluntarily and freely pleading guilty.