**Anthony L. WEEKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 30690.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 12, 2011.

Emmett D. Queener, Columbia, MO, for appellant.

Chris Koster, Attorney General and James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for respondent.

WILLIAM W. FRANCIS, JR., Judge.

Anthony R. Weeks ("Movant") appeals the motion court's denial of his Rule

24.035 [1] motion for post-conviction relief without an evidentiary hearing. We affirm the judgment of the motion court.

## Facts and Procedural History

Movant was charged in December 2006, with the class D felony of driving while intoxicated ("DWI") in violation of section 577.010; with the class A misdemeanor of driving while license was revoked, in violation of section 302.321; with the class C misdemeanor of failure to maintain financial responsibility, in violation of section 303.025; and with the class D felony of leaving the scene of a motor vehicle accident, in violation of section 577.060. On October 29, 2007, Movant appeared before the plea court seeking to plead guilty to each offense.

Movant presented written petitions to enter the pleas. Defense counsel informed the court that Movant wished to enter "open" pleas to each of the four charges. In those petitions, Movant acknowledged the use of valium and oxycodone, but represented his "mind is clear."

Movant was then sworn in and the plea court began its inquiry. Movant answered a series of questions about his background, including questions about his date of birth, address, educational history, and employment status. Movant reported that he suffered from post-traumatic stress disorder ("PTSD"), nerve damage in his arms, an antibiotic-resistant staph infection, and Hepatitis C. Movant testified he takes two prescription drugs to treat his conditions— valium for PTSD, and oxycodone for nerve damage. Movant further testified he had taken both medications earlier that day, but assured the court neither his medications, nor his PTSD, affected his ability to understand the guilty plea proceedings:

Q Do those medications affect your ability to understand or appreciate what we're doing here today?

A No, sir.

Q You're clear, you've talked with [defense counsel], I guess, at length today; is that fair to say?

A Yes, sir.

Q And you're clear about what's going on today?

A Yes, sir.

Q You understand your case is set for jury trial, we have a jury coming in tomorrow?

A Yes, Your Honor.

Q And you've decided to plead guilty to certain charges and the State is going to dismiss other charges; is that correct?

A. Yes, Your Honor.

Q And your PTSD doesn't affect your ability to understand that; is that correct?

A Yes, Your Honor, it doesn't affect that.

The plea court then had Movant describe the circumstances underlying the charges. He testified that on September 29, 2006, he had consumed three or four beers at a neighbor's house, got into his truck, and drove while under the influence of alcohol. Appellant believed he was past the legal limit. He testified he entered a "marked zone," in which he was supposed to slow down, and rear-ended the vehicle in front of him, smashing the back of it "pretty good." Movant believed no one had been hurt, but agreed that more than one thousand dollars' worth of damage had been done. Movant testified he "got scared," fled the scene, and drove home; half an hour later, law enforcement showed

1. All rule references are to Missouri Court Rules (2010), and all references to statutes are to RSMo 2000, unless otherwise indicated.

up at his house. Movant admitted his driver's license had been previously revoked and he did not have insurance. Movant also admitted he had two prior state court DWI convictions.

On the record, the plea court explained Movant's right to trial by court or jury and that by pleading guilty, he was "waiving some very important rights." Movant stated he wished to waive those rights. The plea court asked Movant what he thought the benefit of pleading guilty would be and Movant answered, "I get to put this behind me and go on with my life, one way or another." At the end of the colloquy, the plea court found that Movant's pleas "have been entered into voluntarily, understandingly and knowingly with a factual basis," and accepted the guilty pleas.

On January 29, 2008, Movant returned to court for sentencing. Several witnesses testified on Movant's behalf, emphasizing that Movant had a full-time job as an auto mechanic and managed his own business. After hearing the evidence and argument, the court sentenced Movant to a total of six years' imprisonment.

Movant timely filed a *pro se* motion for post-conviction relief, which was subsequently amended by counsel. In his amended motion, Movant alleged, *inter alia*, his plea was involuntary "because he lacked the mental capacity to appreciate the proceedings and he was under duress due to personal[,] mental and physiological ailments to wit: Movant suffered from [PTSD]; Movant suffered from extreme physical pain and distress and nerve damage; [and]Movant was under the influence of valium and oxycodone." The motion court denied Movant's claim without an evidentiary hearing. The motion court concluded that Movant's claim was refuted by the record of the pleas. Specifically, the motion court pointed to Movant's testimony indicating his medications and PTSD did not affect Movant's "ability to understand what was happening during the plea."

Movant claims that it was error to deny his Rule 29.035 motion without an evidentiary hearing because the pleaded allegations, if true, would warrant relief in that the plea was not knowingly and voluntarily entered due to Movant's PTSD and medications, which made him incapable of understanding the responses he was giving in the plea hearing. Respondent argues the record conclusively refutes Movant's claim and showed his competency to enter a guilty plea was not in any way impaired by his PTSD or his use of prescription medication.

The sole issue before us is whether it was clearly erroneous for the motion court to conclude the evidence in the record conclusively refuted Movant's claim that he was incapable of understanding his guilty pleas due to any effects of his medications and PTSD.

## Standard of Review

This court reviews the motion court's findings and conclusions denying a Rule 24.035 motion to determine whether they are clearly erroneous. *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo.App. S.D.2009). The motion court's findings and conclusions are presumptively valid and will be reversed only if this Court, after reviewing the complete record, is left with a "definite and firm impression that a mistake has been made." *Id.* (internal quotation omitted). The movant bears the burden of proving, by a preponderance of the evidence, the motion court erred. *Stuart v. State*, 263 S.W.3d 755, 757 (Mo.App. S.D. 2008).

### Analysis

■ A post-conviction movant is not entitled to an evidentiary hearing unless he satisfies the following three requirements: "(1) he must allege facts, not conclusions, which, if true, would warrant relief; (2) the allegations must not be refuted by the record; and (3) the matters of which he complains must have resulted in prejudice to his defense." *Stuart*, 263 S.W.3d at 757 (internal quotation and citation omitted). If any of the three factors is absent, the motion court may deny an evidentiary hearing. *Id.*

■ The motion court concluded Movant's allegations were refuted by the record of the pleas. The motion court specifically pointed to the transcript from the plea hearing in support:

7. ... The Court discussed Movant's ailments and medications at length with him. Movant indicated that he was taking medication (valium) for Post Traumatic Stress Syndrome and nerve damage (oxycodone) but that the medications did not affect his ability to understand what was happening during the plea Additionally, Movant testified during his pleas that the Post Traumatic Stress Syndrome does not affect his ability to understand. Finally, Exhibit A, titled Petition to Enter Plea of Guilty, tendered by Movant at the time of his plea states that Movant offers "my plea of guilty freely and voluntarily and of my own accord and with understanding of all the matters set forth in the information or indictment and in this petition." (Transcript references omitted.)

Movant speculates that the record "cannot be trusted if the physical conditions and medications were, in fact, interfering with [Movant's] ability to comprehend the nature and consequences of his actions." In support, Movant states, in a conclusory fashion, that PTSD is "a very serious mental disorder" and that the medications are "very strong and highly controlled medication." Movant, however, does not identify any instance in the record in which he exhibited even a hint of incomprehension or inability to understand the plea proceedings. In fact, the record supports his pleas were knowingly and voluntarily entered.

■ The mere ingestion of drugs is insufficient to render a person incapable of pleading guilty, and the recent ingestion of a drug does not invalidate a plea of guilty where the ability of the defendant to understand and give free assent to the conviction remain unimpaired. *McGinnis v. State*, 764 S.W.2d 653, 655 (Mo.App. E.D. 1988). Missouri courts regularly rely on the representations of defendants that their competency is unaffected by their mental condition, medications, or other circumstances even if defendants insist at a later date that a disease or drugs affected their understanding of the proceedings.[2]

Here, the record established Movant understood his guilty pleas. The guilty plea transcript shows Movant was questioned thoroughly as to any physical or mental

---

2. *See e.g. Moore v. State*, 927 S.W.2d 939, 942 (Mo.App. S.D.1996) (finding no error in denial of claim that plea was involuntary because defendant suffered from back pain and was on medication, where plea court inquired about effect of medications and the defendant responded that he was on medication but it did not affect his judgment); *McGinnis*, 764 S.W.2d at 655 (holding defendant's claim that her guilty plea was involuntary because she was under the effects of medication was conclusively refuted by her statements in the colloquy acknowledging that she had taken prescription medication, the prescriptions did not affect her ability to reason, and she fully understood what she was doing).

disorders he suffered and the medications he was taking. The judge specifically explored any affects of Movant's PTSD and the medications (oxycodone and valium) he had taken that morning, on his ability to understand the consequences of his pleas. When questioned, Movant responded these prescriptions did not affect his ability to "understand or appreciate" the proceedings. Additionally, Movant said his PTSD also did not affect his ability to understand the consequences of his guilty pleas. Movant responded with affirmative or negative answers and replied cogently to open-ended questions, including a description of the circumstances underlying the offenses, all of which required him to recall details from an event occurring more than a year before.

The plea court had an opportunity to observe Movant's demeanor and appearance and if anything unusual presented itself, the court had the discretion to continue the hearing or refuse to accept the pleas. Where Movant appears throughout a plea colloquy to be lucid and capable of comprehending and coherently answering questions, the motion court may reasonably conclude that the Movant's competence to enter a guilty plea was unhindered by mental disease or medication. *See McGinnis,* 764 S.W.2d at 655; *Allen v. State,* 233 S.W.3d 779, 785–86 (Mo.App. E.D.2007). Since the trial court found Movant had full understanding of the proceedings and the consequences of his pleas, and the plea record further supports this, his allegation of a drug-induced guilty plea is refuted by the record.

The record before us demonstrates it was not clearly erroneous for the motion court to find Movant's behavior at the plea colloquy confirmed Movant fully understood the proceedings and was more than capable of communicating with his attorney, and voluntarily and knowingly entering his pleas. Movant's point is rejected.

The judgment of the motion court is affirmed.

SCOTT, C.J. and RAHMEYER, P.J., Concur.