

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| ELON PERRY, | ) | No. ED106857 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable John D. Warner, Jr. |
| | ) | |
| Respondent/Respondent. | ) | Filed:  August 20, 2019 |

<u>Introduction</u>

Elon Perry (Appellant) appeals from the motion court's judgment denying his Rule 24.035[1] Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence (amended motion) and request for an evidentiary hearing.  We affirm in part and reverse in part.

<u>Facts and Background</u>

On June 12, 2017, Appellant pleaded guilty to burglary in the first degree, a class B felony; violation of an order of protection, a class A misdemeanor; and harassment, a class A misdemeanor.  In exchange for his plea, the State agreed to dismiss a charge of rape in the second degree and a charge of sodomy in the second degree.  The State also agreed not to seek enhanced sentencing for Appellant as a persistent offender.

Before accepting Appellant's plea, the trial court questioned Appellant about the voluntariness of his plea.  Appellant stated he had no health or hearing problems and was not

---

[1] All rule references are to Mo. R. Crim. P. 2018, unless otherwise noted.

under the influence of drugs or alcohol. Appellant claimed he had enough time to speak with his plea counsel before deciding to plead guilty, no promises other than the plea agreement were made, plea counsel had done all Appellant had asked him to do, and he was satisfied with plea counsel's performance. Appellant admitted to the factual basis of the plea: he committed burglary, harassment, and violation of an order of protection when he entered and remained unlawfully in the victim's (Victim) bedroom in the middle of the night for the purpose of scaring her. The trial court accepted Appellant's plea and sentenced him to twelve years' imprisonment for first-degree burglary, one year for violation of the order of protection, and one year for harassment, with all sentences to run concurrently.

After he was delivered to the Missouri Department of Corrections, Appellant timely filed a *pro se* motion for post-conviction relief. The motion court appointed counsel for Appellant and counsel timely filed Appellant's amended motion.

The amended motion included two claims. In the first claim, Appellant asserted plea counsel was ineffective because he represented Appellant without revealing a conflict of interest. According to Appellant, after pleading guilty he learned plea counsel sat on the Ferguson City Council, and was friends with a police officer who investigated Appellant's case. The second claim alleged plea counsel was ineffective based on his failure to obtain records and reports of Victim's alleged elder abuse and fraud – misdeeds for which Appellant had reported Victim, giving her a motive to falsely accuse Appellant of the instant crimes.

The motion court denied Appellant's amended motion without an evidentiary hearing. This appeal follows.

### Points Relied On

Appellant brings two points on appeal. Point I claims the trial court erred in denying his amended motion because the motion alleged facts not refuted by the record showing his plea

2

counsel had an undisclosed conflict of interest while representing Appellant. Point II claims error because his amended motion alleged facts showing plea counsel was ineffective for failing to obtain documentation of Victim's alleged wrongdoing before advising Appellant to plead guilty.

## Standard of Review

This Court's review of the motion court's ruling on a motion filed under Rule 24.035 is "limited to a determination of whether the findings and conclusions of law … are clearly erroneous." Rule 24.035(k). The trial court's ruling is clearly erroneous when this Court is left with a "definite and firm impression that a mistake has been made." Worthington v. State, 166 S.W.3d 566, 572 (Mo. banc 2005).

"In order to obtain an evidentiary hearing on a claim of ineffective assistance of counsel under Rule 24.035, (1) a movant must raise facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant." Wiggins v. State, 480 S.W.3d 379, 382 (Mo. App. E.D. 2015). "To justify the denial of an evidentiary hearing, the record must be specific enough to conclusively refute the movant's allegation." Id.

## Discussion

### Point I

Appellant first claims the motion court erred in denying his amended motion without an evidentiary hearing because he pleaded facts unrefuted by the record showing his attorney was ineffective for failing to disclose a conflict of interest while representing Appellant and advising him to plead guilty.

In the context of a guilty plea, ineffective assistance of counsel is immaterial except to the extent it affects the voluntariness and knowledge with which the plea was made. Cupp v.

3

State, 935 S.W.2d 367, 368 (Mo. App. S.D. 1996). "To prevail on a claim of ineffective assistance of counsel where a movant has entered a plea of guilty, a 'movant must show his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced.'" Boyd v. State, 205 S.W.3d 334, 338 (Mo. App. S.D. 2006), quoting Cupp, 935 S.W.2d at 368. Movant must show that, but for counsel's unprofessional error, he would not have pleaded guilty but insisted on proceeding to trial. Cupp, 935 S.W.2d at 368.

When basing a claim of ineffective assistance of counsel on a conflict of interest, a movant must do more than allege a potential conflict of interest. Helmig v. State, 42 S.W.3d 658, 680 (Mo. App. E.D. 2001). The movant must show "that an actual conflict of interest affected his lawyer's performance." State v. Chandler, 698 S.W.2d 844, 848 (Mo. banc 1985), citing Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 1716 (1980). This means the conflict of interest must have resulted in counsel doing something, or foregoing something, that was detrimental to the interests of the movant and potentially advantageous to another. Helmig, 42 S.W.3d at 680, citing Alexander v. State, 864 S.W.2d 354, 359 (Mo. App. W.D. 1993). Once a movant establishes an actual conflict of interest and how it adversely affected counsel's performance, prejudice is presumed. DePriest v. State, 510 S.W.3d 331, 339 (Mo. banc 2017). Representation by conflicted counsel impinges on the Sixth Amendment right to assistance of counsel in a criminal case. State ex rel. Horn v. Ray, 325 S.W.3d 500, 510 (Mo. App. E.D. 2010).

Appellant's amended motion stated:

[T]here was a significant risk that the representation of [Appellant] would be materially limited by [plea counsel]'s responsibilities as a Ferguson City Council member and personal interest as a friend of the investigating officer. His Ferguson City Council profile states that one of his focuses was "working with our new police chief to ensure strong and safe neighborhoods in Ferguson." In addition, during the time [plea counsel] represented Perry and was sitting on the City Council, the Department of Justice sued Ferguson over police practices.

4

Going to trial would have involved cross-examining a friend and Ferguson police officer and calling into question the work performed by the Ferguson Police Department, which is funded and overseen by the City Council, all at a time when the national spotlight was on Ferguson and the City Council evinced a history of complacency around unconstitutional police practices and some resistance to police reform. [Plea counsel] never sought a waiver of the conflict from [Appellant]. Moreover, the conflict adversely affected his performance in that he convinced Perry to plead guilty when Perry consistently maintained his innocence and wanted to go to trial.

Rule 4-1.7 governs conflicts of interest. It states in relevant part:

**(a)** Except as provided in Rule 4-1.7(b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Taken as true, the facts alleged in Appellant's amended motion are sufficient to give rise to a conflict of interest. Appellant alleges plea counsel had an undisclosed conflict of interest between Appellant and (1) plea counsel's position on the Ferguson City Council, which funds and oversees the Ferguson Police Department—the department that investigated Appellant in the instant case, and (2) plea counsel's personal friendship with one of the police officers who investigated Appellant and would likely have testified at Appellant's trial. The amended motion alleges this conflict of interest adversely affected plea counsel's performance in that he convinced Appellant to plead guilty, despite Appellant's insistence on taking the case to trial, to avoid criticizing the police department he was in some way responsible for overseeing and to avoid having to cross-examine a personal friend at trial. Appellant also suggests plea counsel's interest in avoiding criticizing the Ferguson Police Department, and by extension the City Council's oversight of it, was amplified by the intense national scrutiny at the time. Appellant does not allege how plea counsel's deficient performance prejudiced him, but if the facts pleaded

5

are true, prejudice would be presumed, obviating the need for Appellant to allege or prove what prejudice actually resulted. DePriest, 510 S.W.3d at 339.

In reviewing the record, we are unable to locate anything that conclusively refutes the facts alleged in Appellant's amended motion. Appellant's assurances to the trial court that he was satisfied with plea counsel's performance are insufficient to refute the facts alleged in Appellant's amended motion, because Appellant claims he was unaware of the conflict of interest at the time he made the assurances. See State v. Driver, 912 S.W.2d 52, 55-56 (Mo. banc 1995).

To be clear, we do not hold as a matter of law a position on the Ferguson City Council or a personal friendship with a police officer must *per se* disqualify plea counsel from representing Appellant. Whether the extent and nature of his duties on the Ferguson City Council, and his relationship with the investigating officer, gave rise to a significant risk his representation of Appellant was materially limited is necessarily a fact-sensitive inquiry. Here, the record is insufficient to conclusively refute Appellant's factual allegations, necessitating an evidentiary hearing. Appellant's Point I is granted.

## Point II

In Appellant's second claim, he asserts he was denied effective assistance of plea counsel because plea counsel failed to collect documentary evidence of Victim's alleged elder abuse and fraud for which Appellant reported Victim. Appellant claims this evidence would have been critical at trial to show Victim had a motive to fabricate her allegations against Appellant. Appellant's amended motion alleged plea counsel not only failed to obtain the documents, but misled Appellant into believing he had obtained them. Appellant claims he relied on plea counsel's false claim he had obtained the documents when he chose to plead guilty, rendering his plea unknowing and involuntary.

6

The facts alleged in Appellant's amended motion are not sufficient to show ineffective assistance of plea counsel. As stated above, ineffective assistance of counsel in the context of a guilty plea is irrelevant except to the extent it affected the voluntariness and knowledge with which the plea is made. Cupp, 935 S.W.2d at 368. Taken as true, the facts alleged do not establish plea counsel's failure to obtain the documents affected the voluntariness or knowledge of Appellant's plea. Appellant claims he pleaded guilty believing plea counsel had obtained the documents when he had not. Appellant fails to explain how his decision would have been different had plea counsel actually obtained the documents. Point II is denied.

Conclusion

The judgment of the motion court is reversed in part and affirmed in part. We reverse the motion court's denial of the amended motion without an evidentiary hearing. The cause is remanded with instruction to hold an evidentiary hearing to determine whether plea counsel's position on the Ferguson City Council and his friendship with an investigating police officer adversely affected his performance such that it impinged on Appellant's Sixth Amendment right to conflict-free counsel. The motion court's denial of all other claims in the amended motion is affirmed.

Sherri B. Sullivan

SHERRI B. SULLIVAN, J.

Mary K. Hoff, P.J., and
Angela T. Quigless, J., concur.

7