Claude F. HENDERSON,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 21976.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 19, 1998.

---

1. Hereafter, references to rules are to Missouri Rules of Court (1991).

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Chief Judge.

Claude F. Henderson ("Movant") was charged by information with two counts of distributing more than five grams of marijuana pursuant to § 195.211.[1] On October 4, 1996, he pleaded guilty to both counts. The trial court sentenced him to fifteen years on one count, and ten years on the other. Mov-

---

1. All statutory references are to RSMo 1994 and all rule references are to the Missouri Rules of Criminal Procedure (1998), unless otherwise indicated.

ant then filed a motion *pro se* pursuant to Rule 24.035, which was subsequently amended by appointed counsel.

In his amended motion, Movant alleged, among other things, that his plea counsel was ineffective for failing to investigate whether Movant was mentally capable of entering a knowing, intelligent plea of guilty, in light of the fact that he knew Movant was receiving disability checks for a mental condition. On September 25, 1997, the motion court held an evidentiary hearing concerning this issue. At the hearing, Movant's plea counsel testified that he had normal conversations with Movant; that Movant never gave him the impression that he did not know what was going on; that he saw nothing to indicate that Movant had a mental disorder or was not capable of understanding everything that he was telling him; and that Movant responded appropriately to everything that he told him about his case. In addition, Dr. Whipple, a clinical psychologist, appeared on behalf of Movant and testified that he diagnosed Movant as a schizophrenic individual of the undifferentiated type, with schizotypal personality disorder, and mild mental retardation. He further testified that it is his opinion that Movant "had no idea what he was doing" at the time he entered his plea of guilty, and that at the time of the crimes which Movant pled guilty, he was not capable of understanding and appreciating the law, nor conducting himself within the requirements of the law. This same doctor testified, however, that Movant was oriented as to person and place, meaning he knew who he was, where he was, and why he was there; and that he was able to relate past events; and that there was no strong indication of mental illness in normal conversations with Movant. In its Findings of Fact and Conclusions of Law, the motion court overruled Movant's motion and found that his plea counsel was not ineffective in failing to investigate Movant's mental status and request a mental examination. Movant appeals.

Movant contends that the motion court erred in overruling his Rule 24.035 motion, because a review of the record reveals that Movant's plea counsel rendered ineffective assistance of counsel when he failed to investigate whether Movant was mentally competent to enter a plea of guilty. Specifically, Movant contends that he was receiving disability checks through the Social Security Administration at the time he entered his plea of guilty because he was "slow at thinking"; that he had been receiving such checks since 1985; that before qualifying for the receipt of such checks, he was evaluated by a clinical psychologist who concluded that he was mentally retarded and possessed "soft signs" of neurological impairment; that his plea counsel was aware of his receiving mental disability checks; that despite such knowledge, plea counsel failed to look into Movant's mental fitness to proceed; and that there is a "substantial likelihood that an investigation would have led to a request for a mental exam where the results would have been that [Movant] was not mentally competent to proceed or enter a guilty plea and/or that he was incapable of knowing and appreciating the nature, quality, or wrongfulness of his conduct."

■ Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* at 695–96.

■ A claim of ineffective assistance of counsel requires that a defendant show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that the defendant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). In a guilty plea case, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992).

█ In order to demonstrate that counsel was ineffective in failing to investigate an alleged mental disease or defect defense, a movant must show facts indicating a questionable mental condition. *State v. Roll,* 942 S.W.2d 370, 376 (Mo. banc 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997). In the absence of some suggestion of mental instability, there is no duty on counsel to initiate an investigation of the mental condition of an accused. *O'Neal v. State,* 724 S.W.2d 302, 306 (Mo.App.1987). The need for an investigation is not indicated where the accused has the present ability to consult rationally with counsel and to understand the proceedings. *State v. Richardson,* 923 S.W.2d 301, 328 (Mo. banc 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 403, 136 L.Ed.2d 317 (1996). We view the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration. *Baird v. State,* 906 S.W.2d 746, 749 (Mo.App. W.D.1995).

█ Movant seems to suggest that because his plea counsel knew that he received disability checks for a mental condition, he had an affirmative obligation to investigate his mental fitness to proceed. This court, however, is unable to hold that, as a matter of law, counsel is ineffective if he or she knows that his or her client is receiving disability checks for a mental condition, and he or she fails to investigate that person's mental fitness to proceed. The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial. *Baird,* 906 S.W.2d at 749. In fact, an accused may be mentally retarded in some degree and still be competent to stand trial or enter a knowing, intelligent plea of guilty. *Pulliam v. State,* 480 S.W.2d 896, 904 (Mo. 1972). Rather, the test must be "whether [a movant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, 825 (1960).

In this case, plea counsel testified that he and Movant had "normal" conversations; that Movant never gave him the impression that he did not know what was going on; that he saw nothing to indicate that Movant had a mental disorder or was not capable of understanding everything that he was telling him; and that Movant responded appropriately to everything that he told him about his case. Furthermore, the motion court judge stated the following during the Rule 24.035 evidentiary hearing:

> The [c]ourt has reviewed the evidence in the case, including the deposition and the original file. I note that at the time I accepted the plea of guilty that I did make a finding that the entry of the plea of guilty was intelligent. And of course, obviously, I had a discussion with the defendant on more than one occasion as to what would happen if he entered a plea of guilty. I think I even told him that I would sentence him, as I did.... Certainly, the deposition he gave while in the institution ... demonstrates that he has a degree of intelligence that would require the [c]ourt to go ahead.

█ This court has also reviewed the transcript and deposition in great detail. It appears that Movant was alert and lucid at all times during the proceedings. Movant's answers to questions were responsive, logical, and dispelled any notion that he lacked comprehension. There was no indication that should have alerted plea counsel that Movant suffered from a mental defect that prevented him from being able to consult rationally with his lawyer or understand the proceedings against him. *See State v. Powell,* 793 S.W.2d 505, 509 (Mo.App.1990) (where no ineffectiveness of counsel was found where defendant had the present ability to consult with his attorney rationally and to understand the proceedings against him— defendant was bright and articulate during interviews). As such, it cannot be said that plea counsel was ineffective in failing to investigate Movant's mental fitness to proceed. Movant's point is denied.

Judgment is affirmed.

MONTGOMERY, J., and SHRUM, P.J., concur.