Dale Wayne GOOCH, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29981.

Missouri Court of Appeals,
Southern District,
Division One.

May 6, 2010.

Alexa I. Pearson, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

ROBERT S. BARNEY, Judge.

Dale Wayne Gooch ("Movant") appeals the motion court's denial following an evidentiary hearing of his postconviction mo-

tion filed pursuant to Rule 24.035.[1] In his sole point relied on, he argues he received ineffective assistance of counsel because his two attorneys "unreasonably failed to move the trial court for a mental examination to determine if [he] was competent to proceed ...."[2] We affirm the judgment and findings of the motion court.

Movant was charged by "Information in a Felony Case" with three counts of the unclassified felony of statutory sodomy in the first degree, violations of section 566.062, Cum.Supp.2006. On February 26, 2008, Movant appeared before the plea court and pled guilty pursuant to a plea agreement which provided that "he could plead guilty to any of the three counts" charged in exchange for the State recommending his sentence be "cap[ped]" at twenty-five years. Movant pled guilty to Count I of the Information which charged that he "had deviate sexual intercourse with [the victim], who was then less than twelve years old, by touching his penis to her genitals." Following this hearing, it was determined by the plea court that Movant pled guilty to the wrong count and that he intended, in fact, to plead guilty to Count III, which asserted he "had deviate sexual intercourse with [the victim], who was then less than twelve years old, by placing her hand on his penis."

As a result, the plea court held another hearing on March 25, 2008, at which Movant appeared with counsel, Reginald Williby ("Attorney Williby"), and he was allowed to withdraw his guilty plea to Count I and enter a guilty plea to Count III. Movant informed the trial court of his intention to plead guilty to Count III; that he had consulted his attorney about pleading guilty; that he understood the range of punishment he was facing for that crime;

that he was waiving his right to trial as well as other rights; that he was waiving his right to testify on his own behalf; that he understood the terms of the plea agreement with the State; and that he was satisfied with his counsel's representation of his interests. He then informed the plea court that he desired to plead guilty to Count III because he was "in fact guilty of this crime." The plea court then found Movant's plea "has been made freely and voluntarily and with a full understanding of the rights and of the consequences of that plea." The plea court then accepted Movant's plea and ordered a presentence investigation report.

At the sentencing hearing on May 13, 2008, the State reiterated that it was recommending a cap of twenty-five years on Movant's sentence as well as recommending Movant serve the full twenty-five years. The State then took issue "with the [presentence investigation report's finding] that [Movant] was at low-risk to re-offend, for the simple fact that he admitted to doing this more than 10 times and admitted to being aroused by a six-year-old child...." Movant's counsel then admitted Movant's conduct toward the victim was "both heinous and appalling," however, he believed Movant should be sentenced to ten years imprisonment and asked the sentencing court to "take into consideration that [Movant] is disabled, and he'll be going into a very vicious environment...." Having fully reviewed the presentence investigation report, the sentencing court sentenced Movant to twenty-five years in the Missouri Department of Corrections and dismissed Counts I and II which were still pending against him. Following pronouncement of the sentence, Movant informed the sentencing court he was satis-

1. All rule references are to Missouri Court Rules (2008) and all statutory references are to RSMo 2000.

2. *See* sections 552.020.1 and 552.030.1.

fied with his representation by Attorney Williby as well as his previous counsel, Derrick Williams ("Attorney Williams").

On June 18, 2008, Movant filed a *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" pursuant to Rule 24.035. The motion court appointed counsel to represent Movant and on December 12, 2008, an amended Rule 24.035 motion was filed.

An evidentiary hearing on this motion was held on July 17, 2009. Movant testified at the hearing that he has suffered from spina bifida since birth and that both of his attorneys had been made aware of his condition. He testified that spina bifida is a physical condition where the area between your spine and your brain "doesn't close off...." He related his spina bifida affects his ability to understand and he has "slow learning disabilities and there's certain things ... that [he] can't comprehend ... like most people can." He stated he remembered discussing the possibility of his having a mental evaluation with both Attorney Williby and Attorney Williams, but it was never done and he was unsure why they did not request one. He stated that when the charges and the plea agreement were explained to him he "didn't completely understand them...." With that being said, he admitted he understood "that there were three separate counts;" that "the State was willing to dismiss two of them in exchange for a plea on the third;" that he understood "the range of punishment on each count was ten years to life ...;" and that he knew probation or "120 days shock" incarceration was not an option based on the charges against him. He further admitted that his mental condition or health had "not changed at any time" between the present and the time of his plea.

Attorney Williams testified that Movant's parents informed him about Movant's physical and medical condition; that they also discussed his cognitive issues with him; and that he felt Movant had some "diminished mental capacity." Movant's parents told Attorney Williams that Movant had difficulty in school especially in the 8th or 9th grade such that they removed him from school because he was not progressing with his grade level. He related that he was aware Movant had a "shunt" to help him deal with fluid in his spinal column and that he was aware that spina bifida can cause some cognitive impairment; however, he related no significant cognitive impairments manifested themselves in his conversations with Movant. He stated that throughout his representation Movant gave him the impression that he "understood the nature of the charges against him, the range of punishment associated with those charges, and the procedural posture of the case and the procedures that would occur...." Attorney Williams also stated that Movant was able to actively and intelligently participate in discussions about his case and appeared to understand their mutual discussions and the evidence alleged against him. He stated he did not raise a competency defense because he felt there was no basis for such a concern. He stated that throughout his dealings with Movant "[t]here was nothing about his conduct that addressed those factors under that competency standard under the law. There was nothing about his conduct that would suggest he was incompetent to proceed." Attorney Williams likewise recited that the case law and the statutes on competency say that "all one has to do is understand the nature of the charges against them—and ... [Movant] understood that...." He likewise related he knew Movant understood the range of punishment against him and Movant always appeared to understand him during their conversations. Accordingly, he felt that based on Movant's inter-

action with him there was no need to explore Movant's competency prior to entering the guilty plea.

Attorney Williby testified that Movant led him to believe that he understood the charges against him, the criminal procedures he was undergoing, and the range of punishment he was facing. He related Movant actively participated in his defense, discussed his confession at length with Attorney Williby, and seemed to understand everything that was occurring. He related he was also aware of Movant's school records which indicated he had failed 8th grade four times such that "he was removed from school." Attorney Williby also stated he was aware Movant suffered from spina bifida and he knew of the various physical and mental issues which can arise from such a condition. Attorney Williby opined that because Movant understood the charges against him and the legal proceedings he was participating in, there was no reason for Attorney Williby to explore the issue of his competency under the facts and the law. He stated if he had had valid concerns he would have explored the issue of Movant's competency.

On August 17, 2009, the motion court entered its "Judgment" and "Findings of Fact and Conclusions of Law." In its findings, the motion court concluded "[t]here is no persuasive evidence that [M]ovant had a mental disease or defect that excluded him from responsibility for his criminal conduct; neither was there persuasive evidence that he was not competent to plead guilty." Further, it determined Movant's attorneys "considered [his] mental status and correctly concluded that a[n] [incom-

petence defense] was not viable, and that he was competent to proceed." As a result, the motion court denied Movant's amended Rule 24.035 motion. This appeal followed.

■ In his sole point relied on, Movant maintains the motion court erred in denying his Rule 24.035 motion

in that counsel unreasonably failed to move the trial court for a mental examination to determine if [Movant] was competent to proceed, even though counsel was aware that [Movant] was born with spina bifida, that he has a shunt to help keep fluid from collecting around his brain stem and spinal column, and that his condition causes him to have impaired intellectual functioning, and counsel's failure to request adjudication of this issue prejudiced [Movant] because he entered his plea in an involuntary and unknowing manner, and was convicted and sentenced even though he did not have a rational and factual understanding of the proceedings against him and could not assist in his own defense.[3]

■ "Appellate review of an order sustaining or denying a motion for [post-conviction] relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous." *Murta v. State*, 257 S.W.3d 671, 674 (Mo.App.2008); *see* Rule 24.035(k). "'The findings of the motion court are presumptively correct.'" *Id.* (quoting *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991)). "The clearly erroneous standard is satisfied only if, after a review of the en-

---

**3.** Movant's point relied on is limited to the question of his counsels' failure to request a mental examination to determine his competency to proceed in his litigation. Both Movant and the State expand this complaint outside the parameters of the stated point relied on. Issues not raised in the point relied on are not addressed on appeal. *See Wenzel v. State*, 185 S.W.3d 715, 719 (Mo.App.2006). As such, this opinion is limited to the issue stated in the point relied on.

tire record, this Court is left with the definite and firm impression that a mistake has been made." *Id.* We presume that the motion court's findings and conclusions are correct. *Butts v. State,* 85 S.W.3d 132, 134 (Mo.App.2002). Movant bears the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence. *Huth v. State,* 976 S.W.2d 514, 516 (Mo.App.1998).

■ "To prevail on a claim of ineffective assistance of counsel where a movant has entered a plea of guilty, a 'movant must show his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced.'" *Boyd v. State,* 205 S.W.3d 334, 338 (Mo.App.2006) (quoting *Cupp v. State,* 935 S.W.2d 367, 368 (Mo.App.1996)); *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Movant must show, but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial." *Cupp,* 935 S.W.2d at 368. "Should a movant fail to satisfy either the performance prong or the prejudice prong of the test, the other prong need not be considered." *Johnson v. State,* 5 S.W.3d 588, 590 (Mo. App.1999). Where, as here, there is a negotiated plea of guilty, a claim of "ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the plea of guilty was made." *Cupp,* 935 S.W.2d at 368.

■ In order to demonstrate that counsel was ineffective in failing to investigate an alleged mental disease or defect defense, a movant must show facts indicating a questionable mental condition. *State v. Roll,* 942 S.W.2d 370, 376 (Mo. banc 1997). "When a movant in a [postconviction] proceeding challenges his attorney's failure to request a mental examination, he must show the existence of a factual basis indicating the questionable nature of his mental condition, which should have caused the attorney to initiate an independent investigation of it." *Porter v. State,* 928 S.W.2d 1, 2 (Mo.App.1996). "In the absence of some suggestion of mental instability, there is no duty on counsel to initiate an investigation of the mental condition of an accused" and "[t]he need for an investigation is not indicated where the accused has the present ability to consult rationally with counsel and to understand the proceedings." *Henderson v. State,* 977 S.W.2d 508, 511 (Mo.App.1998). "In addition, this Court must look to the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration." *Cook v. State,* 193 S.W.3d 378, 386 (Mo.App.2006). Further, " '[t]he suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial'" and it has been held that " 'an accused may be mentally retarded in some degree and still be competent to stand trial or enter a knowing, intelligent plea of guilty.'" *Id.* (quoting *Henderson,* 977 S.W.2d at 511).

■ In his point relied on and attendant argument, Movant appears to suggest that because his attorneys knew that he suffered from spina bifida and that he left school without graduating, they had an affirmative obligation to investigate his mental fitness to proceed. This Court, however, is unable to hold that, as a matter of law, counsel is ineffective if he knew only the foregoing facts. "The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial." *Baird,* 906 S.W.2d at 749. "Rather, the test must be 'whether a movant has sufficient present ability to consult

with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Henderson*, 977 S.W.2d at 511 (quoting *Dusky v. United States*, 362 U.S. 402, 403, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)).

Here, Movant testified that he sometimes had difficulty comprehending issues, but that he was able to understand matters when they were "broke down" for him and more fully explained. He offered no other testimony about any mental issues from which he suffered. Attorney Williams acknowledged that Movant's parents discussed his physical conditions, possible cognitive issues, and school record with him prior to Movant's plea of guilty. Yet, Attorney Williams related he did not observe any significant cognitive impairments in his dealings and conversations with Movant, and stated that Movant conversed intelligently with him when they spoke with each other. Further, Attorney Williams testified that throughout his representation Movant gave him the impression that he "understood the nature of the charges against him, the range of punishment associated with those charges, and the procedural posture of the case and the procedures that would occur ...," such that he opined that under the applicable statutory and case law he had no reason to be concerned about Movant's competency to plead guilty. Similarly, Attorney Williby testified he was aware Movant suffered from spina bifida and that there were possible mental issues which could arise from such a disease; however, he felt Movant understood the proceedings against him and participated in his defense to such an extent that Attorney Williby had no reason to explore the issue of Movant's competency. Movant has not proven that "but for the conduct of his [attorneys] about which he complains, he would not have pleaded guilty but would have insisted on going to trial." *Cupp*, 935 S.W.2d at 368. Having found against Movant on the first element of his ineffective assistance of counsel claim, we are not required to consider the prejudice element of his claim. *Johnson*, 5 S.W.3d at 590. We cannot say the motion court clearly erred. Movant's point is denied.

The judgment, findings of fact and conclusions of law of the motion court are affirmed.

BATES, P.J., and BURRELL, J., concur.