

# Missouri Court of Appeals

## Southern District

### Division Two

MICHAEL ANDREW HURST,               )
                                    )
    Movant-Appellant,           )
                                    )
v.                                  )    No. SD37194
                                    )
STATE OF MISSOURI,                  )    **Filed:  April 5, 2022**
                                    )
    Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable David A. Cole

## AFFIRMED

Michael Andrew Hurst ("Movant") appeals the motion court's denial of his Rule 24.035[1] motion for post-conviction relief after an evidentiary hearing.  His single point claims the motion court clearly erred in denying his motion because, at the time of his guilty plea, he suffered from a learning disability that prevented him from understanding the criminal proceedings against him and the consequences of his guilty plea – rendering his plea unknowing and involuntary.  Finding no merit in that claim, we affirm.

### Evidence[2] & Standard of Review

Movant, originally charged as a juvenile, was later certified to be tried as an adult.  Movant was charged with 33 sexual offenses against four different victims.  Instead of going

---

[1] All rule references are to Missouri Court Rules (2020).

[2] In reviewing the denial of a Rule 24.035 motion, we view the record in the light most favorable to the motion court's findings and conclusions.  ***Williams v. State***, 613 S.W.3d 890, 893 (Mo. App. E.D. 2020).

to trial on those charges, Movant pleaded guilty to one count of first-degree statutory rape, four counts of first-degree statutory sodomy, and three counts of second-degree statutory sodomy in accordance with a written plea agreement. In exchange for his guilty plea, the State dismissed the other 25 charges and agreed to a 20-year cap on Movant's sentences. To allow Movant to qualify for that cap, the dismissed charges included any that would require the plea court to impose consecutive sentences or require Movant to serve 85% of his sentence before he could qualify for parole.

Movant did not raise his competence to stand trial or plead guilty in the plea court, and nothing in the record of Movant's guilty plea indicates that his demeanor, mannerisms, or responses to the plea court's questions should have raised a suspicion that he was not competent to plead guilty. At that hearing, Movant testified that he was 23 years old, had an eleventh-grade education, understood the constitutional rights he would be giving up, and that he was pleading guilty because he was, in fact, guilty of the crimes the State said he had committed. Movant agreed with the State's recitation of the factual bases for those crimes, indicated that he understood the range of punishment for the offenses, had reviewed the written Petition to Enter a Plea of Guilty with plea counsel, understood everything in it, provided all truthful information on the form, and had signed the agreement.

The motion court -- like the plea court before it -- found that Movant's plea was made knowingly, voluntarily, and intelligently, with a full understanding of his rights and the effect his guilty plea would have upon those rights. We review the motion court's denial of post-conviction relief for clear error. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). We will cite additional evidence relevant to the motion court's decision in the context of our analysis of Movant's point on appeal.

**Analysis**

Movant's sole point claims the motion court clearly erred in denying his motion because Movant "suffered from a learning disability that kept him from understanding the criminal proceedings against him and understanding the consequences of [the] plea agreement, and as such, his guilty plea was not knowing or voluntary." We disagree.

After a guilty plea, our review is limited to determining whether that plea was knowing and voluntary. *Johnson v. State*, No. SD 36948, 2022 WL 908584, at *1 (Mo. App. S.D. Mar. 29, 2022). The conviction of a legally-incompetent defendant, whether by trial or guilty plea, is not knowing and voluntary and therefore violates due process. *Hubbard v. State*, 31 S.W.3d 25, 34 (Mo. App. W.D. 2000).

However, "'[t]he suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial[,]'" [. . .] [and] "'an accused may be mentally retarded in some degree and still be competent to stand trial or enter a knowing, intelligent plea of guilty.'" *Gooch v. State*, 310 S.W.3d 275, 280 (Mo. App. S.D. 2010) (quoting *Henderson v. State*, 977 S.W.2d 508, 511 (Mo. App. S.D. 1998)). An accused is competent to stand trial or plead guilty if he can rationally consult with counsel, and he understands the proceedings against him. *Gooch*, 310 S.W.3d at 280. Movant is presumed to be competent, and he bore the burden of proving incompetence by a preponderance of the evidence. *State v. Simms*, 630 S.W.3d 870, 881 (Mo. App. W.D. 2021).

As noted above, Movant fully participated in his guilty plea hearing and displayed no mannerisms or behaviors that indicated he was not competent to proceed. Thus, "[t]he guilty plea transcript reflects that [Movant] was able to understand, follow, and

3

meaningfully participate in his guilty plea." ***Wills v. State***, 321 S.W.3d 375, 380 (Mo. App. W.D. 2010).[3]

In addition, plea counsel testified that he did not have any concerns about Movant's competency to proceed. Movant "shows up to court, he talks about what he is charged with, he talks about dates, his birthdate, the ages of the alleged victims at the time, [and] his age at the time."

While plea counsel described Movant as "low functioning[,]" plea counsel testified that he had been practicing law for 15 years and believed there was not "any chance at all of [Movant's] being declared incompetent." The motion court credited plea counsel's testimony on this issue, and we must defer to that credibility determination. ***Cooper v. State***, 621 S.W.3d 624, 630 (Mo. App. W.D. 2021).

Movant's attempt to prove that his guilty plea was unknowing and involuntary consisted of telephone testimony provided by Dr. Connie Campbell ("Dr. Campbell"), who said she was the president of a "Psychometrics Service Company."[4] She also testified that she had a doctorate in literacy and psychology, but she did not claim to be a practicing psychologist. Dr. Campbell opined that someone with Movant's intellectual deficits would

> have great difficulty in understanding what someone else may be thinking or implying. It is hard for them to anticipate or get motivation. So, there's a concern they have of getting it wrong. Something is not going to be a positive experience. So, very frequently they agree to a recommendation because basically they don't understand.

---

[3] While this was not a basis used by the motion court to deny Movant's claim, we must uphold the motion court's decision on any basis that is supported by the record. ***Echols v. State***, 635 S.W.3d 232, 236 (Mo. App. W.D. 2021).

[4] Dr. Campbell defined psychometrics as "the qualifications to administer, interpret and (inaudible) psychometric measures. Psychometric measures are relevant tests that assess capacity such as IQ tests, learning tests, co-filing for human resources. It is able with the equivalence to service the (inaudible) one's intellectual capacity and references."

Dr. Campbell further opined that someone like Movant has a reduced capacity for processing and learning verbal and language-based interactions, and he has reduced language skills in general. Movant, according to Dr. Campbell, also has a low capacity for following directions, retaining information, and interpreting nuance. Finally, Dr. Campbell said she would have a "major concern" about Movant's ability to adequately explain himself in a courtroom setting. Dr. Campbell, however, did *not* opine that Movant lacked the capacity to understand the proceedings against him or to assist in his own defense – the requisite legal standard at issue in this appeal. *See **State v. Elam***, 89 S.W.3d 517, 521-22 (Mo. App. W.D. 2002), and ***Simms***, 630 S.W.3d at 881; *see also* section 552.020.1, RSMo Cum. Supp. 2018.

Finally, even if Dr. Campbell had offered such an opinion, and was sufficiently qualified to do so, the motion court apparently gave her testimony little weight because she had not met with -- or even spoken to -- either Movant or his family. Dr. Campbell had only reviewed Movant's individual education plan, medical records, grades, and other high-school records. Instead, the motion court explicitly credited plea counsel's testimony that he had met with Movant "many times[,]" frequently in the privacy of plea counsel's office, and those numerous interactions led plea counsel to believe that Movant understood him, and plea counsel did not have any concern about Movant's competency to proceed.

Movant's point is denied, and the judgment of the motion court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

5