

# SUPREME COURT OF MISSOURI
## en banc

AARON HECKER,                )
                                  )
        Appellant,         )
                                  )
v.                                )     No. SC100084
                                  )
STATE OF MISSOURI      )
                                  )
        Respondent.     )

*Opinion issued November 7, 2023*

## APPEAL FROM THE CIRCUIT COURT OF LIVINGSTON COUNTY
### The Honorable Daren L. Adkins, Judge

Aaron Hecker appeals the circuit court's overruling of his Rule 24.035 motion for postconviction relief. Hecker pleaded guilty to one count of second-degree assault of a special victim and one count of resisting arrest. In his Rule 24.035 motion, he alleged his attorney was ineffective at both his guilty plea and sentencing proceedings in failing to adequately address his competency to proceed. The circuit court denied relief. Because the circuit court did not clearly err in concluding counsel was not ineffective in failing to investigate Hecker's competency at his guilty plea and sentencing proceedings, the judgment is affirmed.

## Background

The State charged Hecker with two counts of second-degree assault of a special victim, one count of resisting arrest, one count of unlawful possession of a firearm, and one count of armed criminal action. The charges arose from an August 2017 incident in which Hecker shot at two police officers while they were attempting to arrest him.

In March 2019, counsel entered a limited entry of appearance on Hecker's behalf for the limited purpose of representing him in guilty plea and sentencing proceedings.[1] Pursuant to a plea agreement, Hecker pleaded guilty to a single charge of second-degree assault of a special victim and resisting arrest, and the other charges were dismissed.

At the guilty plea hearing, the circuit court questioned Hecker with the standard colloquy. During a portion of the questioning, he testified he had been taking Vistaril, Haldol, and Cogentin for around two months. He had taken the prescribed amounts of such medications within the last 48 hours. Hecker said he could not recall an instance in which such medications caused him to exercise poor judgment. He testified nothing about his physical or mental health made it difficult to understand or answer the court's questions. Hecker acknowledged he understood the rights he was giving up by entering a guilty plea.

After questioning Hecker, counsel explained the original plea offer was given and explained to Hecker more than three months prior. Counsel was then relieved of his position as Hecker's attorney. Subsequently, Hecker's family contacted counsel to

---

[1] Counsel previously entered his appearance for Hecker in January 2018 but withdrew in December 2018.

reinstitute plea negotiations. Counsel stated, "And he and I have met within the last three weeks on a number of occasions to discuss getting the plea offer back on the table." Hecker and counsel "met multiple times" to discuss the plea proposal after it was offered.

The circuit court found Hecker's guilty pleas were made freely, voluntarily, and with knowledge of the rights he was waiving and found a factual basis for the pleas.[2] The court accepted the pleas and ordered a sentence assessment report ("SAR"). Counsel subsequently filed a letter written to the Missouri Department of Probation and Parole noting: "Because of Mr. Hecker's diagnosis and mental health issues, I have instructed Mr. Hecker to not participate in any Sentencing Assessment Report interview." Hecker did not participate in the SAR interview.

At Hecker's sentencing hearing in July 2019, counsel argued Hecker had been diagnosed with schizophrenia prior to August 2017 and medical records predating the incident showed Hecker threatened to commit suicide on multiple occasions. Counsel contended Hecker was attempting to commit suicide in his encounter with the police officers. Counsel filed a sentencing memorandum contending the circuit court should consider Hecker's schizophrenia as mitigating evidence.[3]

---

[2] Hecker stated the factual basis for his plea to the court. He took a pistol away from the side of his head and shot it at two police officers. He knew the police officers were there to attempt to arrest him and threatened to shoot himself to prevent them from arresting him. He then fired in the direction of the police officers.

[3] Included as an exhibit to the memorandum was a "Brief Assessment of Cognition" report prepared by a doctor at the Hedrick Medical Center following Hecker's arrest. The report noted Hecker's diagnosis of schizophrenia and his past mental health treatment. A supplement to the sentencing memorandum noted Hecker was transferred from Hedrick Medical Center to Mosaic Life Care Center for a possible 96-hour hold for mental health issues. The supplement also stated Hecker previously had been found

The circuit court asked Hecker if he would like to make a statement. Counsel responded, "Mr. Hecker does not, Your Honor. Because of his mental health disease, on my recommendation, Mr. Hecker will not make a statement." Hecker stated, "I do have something to say." Counsel expounded:

> I believe the Rules of Ethics provided that this decision as to whether Mr. Hecker makes a statement during sentencing rests with counsel and not with the Defendant. I accept full responsibility and it's my decision, not Mr. Hecker's. He suffers from schizophrenia and he will make outlandish statements if under stress.

The court observed that Hecker made statements during the plea hearing without trouble. Counsel replied, "Is he competent? He's competent. He's competent. That's not the argument. I do not want the [c]ourt to take a negative or make a negative inference against Mr. Hecker based on my advice to him and my recommendations to you. That is all." Hecker did not make a statement. The circuit court sentenced Hecker to 15 years on the first count and four years on the second count with the sentences to run consecutively.

Hecker filed a *pro se* motion for postconviction relief under Rule 24.035. An amended motion was timely filed, alleging Hecker received ineffective assistance of counsel at sentencing and at his guilty plea because counsel failed to investigate his mental health to determine if he was competent to proceed.

At the evidentiary hearing on the Rule 24.035 motion, counsel testified he never asked the court to evaluate Hecker for his competence to proceed. Counsel was aware

---

incompetent to stand trial on charges in Kansas but was deemed competent in 2017 after being administered psychotropic medication.

4

Hecker was found incompetent in Kansas but had his competence restored. Counsel met with Hecker on "multiple occasions." He had conversations with Hecker about receiving mental health treatment and whether Hecker was taking medications. Counsel testified:

> Before I got very far into the file, one of the things I looked into was made sure I had in my file the Missouri statutes that dealt with the issue of mental competency as well as NGRI. And when I met with Mr. Hecker in the jail, I had that issue in my mind and always observed, assessed for whether or not it appeared to be Mr. Hecker understood the conversations that we were having, understood the charges that were pending against him and whether or not I believed he was capable of participating in his own defense.

Counsel believed Hecker understood the charges, the range of punishment, and the elements of the crime. He went over template jury instructions with Hecker more than once. Counsel spoke with Hecker twice in person about trying to regain the previously withdrawn plea offer. During these conversations, counsel never had the impression that Hecker did not understand the nature of what he was asking him to do.

A psychiatrist testified he had reviewed Hecker's mental health records and evaluated him in April 2021. The psychiatrist opined Hecker was not competent to proceed at the time of the guilty plea and not competent to proceed when he was sentenced. According to the psychiatrist, Hecker lacked a rational understanding of the charges against him. Based on his review, Hecker was suffering from delusional thinking, believing "some technologies available out there were sending messages to him. He was also hearing voices." Hecker was diagnosed with paranoid schizophrenia with a mood component. The psychiatrist opined Hecker would remain delusional unless treated with the appropriate antipsychotic medications in a psychiatric setting.

5

Unlike at his guilty plea, Hecker testified in a disjointed fashion at the postconviction hearing. When questioned whether he was honest and truthful in filling out his plea petition, Hecker testified, "I -- I know that I was -- I wasn't competent -- I was following his instructions, basically. I wasn't competent enough to know what I was doing, what was happening, but I was following his instructions."

The circuit court overruled the Rule 24.035 motion.  In doing so, it made the following credibility determinations:

> • "In all instances herein, the [c]ourt finds the testimony of [counsel] to be credible, and the court gives his testimony strong weight."
> • "The [c]ourt finds that the testimony of Aaron Hecker not to be credible nor believable. The [d]efendant's testimony at the hearing of this motion was not consistent with that observed during either the plea or sentencing hearing, and appeared to this Court to clearly be an act and not a form of mental illness."
> • "The [c]ourt finds [the psychiatrist] to be a credible witness, however, the [c]ourt gives greater weight to the evidence of the trial transcript and [counsel] which were actual observations of the [d]efendant during the relevant periods of the plea and sentencing. The [c]ourt notes the [d]efendant did not act erratic or confused during either the plea hearing or at sentencing."

This appeal follows.[4]

## Standard of Review

Appellate review of the outcome of a Rule 24.035 motion is limited to determining whether the circuit court's findings and conclusions are clearly erroneous.  Rule 24.035(k).  The circuit court's findings are presumed correct.  *Barton v. State*, 432

---

[4] After an opinion by the court of appeals, this Court granted transfer.  Mo. Const. art. V, sec. 10.

6

S.W.3d 741, 748 (Mo. banc 2014). This Court defers to the circuit court's credibility findings. *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018).

## Analysis

To be entitled to postconviction relief based on ineffective assistance of counsel, "the movant must allege facts, not mere conclusions, demonstrating: (1) that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that counsel's deficient performance actually prejudiced the movant." *Booker v. State*, 552 S.W.3d 522, 531 (Mo. banc 2018) (internal quotations omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first *Strickland* prong, when a movant argues counsel should have investigated competence before allowing a guilty plea to be entered, the movant "must show the existence of a factual basis indicating a questionable mental condition that should have caused his attorney to initiate an independent investigation of [his] mental state." *State v. Carter*, 955 S.W.2d 548, 555 (Mo. banc 1997) (internal quotations omitted). "To satisfy the second *Strickland* prong when a movant claims counsel should not have allowed the movant to enter a guilty plea without investigating the movant's mental condition, the movant must show a reasonable probability [he] was not competent at the time in question." *Washington v. State*, 598 S.W.3d 656, 668 (Mo. App. 2020). "Both parts of the *Strickland* test must be fulfilled; if [the movant] fails to prove either one, no relief can be granted." *Clayton v. State*, 63 S.W.3d 201, 206 (Mo. banc 2001).

# I.    *Guilty Plea*

Hecker argues the circuit court clearly erred in overruling his Rule 24.035 motion because (1) a reasonable attorney would have evaluated him for competence to plead guilty and (2) there is a reasonable probability Hecker was incompetent when he pleaded guilty.

To meet the first *Strickland* prong, Hecker must show a factual basis indicating a questionable mental condition that should have caused counsel to consider Hecker's mental condition and ability to proceed before allowing him to enter a guilty plea. *Carter*, 955 S.W.2d at 555.  "An accused is competent to stand trial or plead guilty if he can rationally consult with counsel and the court and understands the proceedings against him." *Johnson v. State*, 580 S.W.3d 895, 904 (Mo. banc 2019) (internal quotations omitted).

Hecker contends numerous indicia, of which counsel was aware, indicated he was incompetent: Hecker's schizophrenia diagnosis; Hecker previously had been found incompetent to proceed in Kansas; Hecker had attempted suicide as a part of the circumstances of the offenses; and, after the events underlying the offenses, Hecker was hospitalized for a mental health emergency.  But "[c]ounsel has no duty to investigate a client's mental condition whe[n] the client appears to have the *present ability* to consult rationally with the attorney and understand the court proceedings." *Clayton*, 63 S.W.3d at 209 (emphasis added); *see also Carter*, 955 S.W.2d at 555 (noting "the factual basis must call [the defendant's] current state of mental health into question").  Hecker's proffered "indicia" do not alone indicate he lacked the present ability to consult rationally

8

with counsel and understand the court proceedings at the time of the guilty plea. Rather, Hecker's prior finding of incompetency, attempted suicide, and mental health hospitalization all occurred years prior to his guilty plea.

At the evidentiary hearing on Hecker's Rule 24.035 motion, counsel testified Hecker's past competency and diagnosis issues were known to him, and he was always on the lookout to ensure Hecker understood the charges against him, whether he understood the conversations they were having, and whether Hecker was capable of participating in his own defense. Counsel testified it appeared Hecker was able to consult with him rationally and understood the proceedings. He stated it was Hecker's request for counsel to re-enter the case and attempt to secure the previous plea offer. The motion court found counsel to be credible and gave his testimony "strong weight." "This Court defers to the [circuit] court's superior opportunity to judge the credibility of witnesses." *Anderson*, 564 S.W.3d at 600 (internal quotations omitted).

Further, at the guilty plea hearing, Hecker testified nothing about his physical or mental health was causing him difficulty in understanding and answering the court's questions. Hecker also acknowledged he understood the rights he was giving up by entering a guilty plea. The circuit court observed Hecker did not "act erratic or confused during either the plea hearing or at sentencing." In sum, all this evidence supports Hecker had the *present ability* at the time of the guilty plea to consult rationally with counsel and understand the court proceedings. Hecker fails to meet *Strickland*'s first prong of demonstrating counsel's performance did not conform to the degree of skill,

9

care, and diligence of a reasonably competent attorney; therefore, no relief can be granted. The circuit court did not clearly err in concluding counsel was not ineffective.

## II.    *Sentencing*

Hecker also argues the circuit court clearly erred in overruling his Rule 24.035 motion because (1) a reasonable attorney would have had Hecker evaluated for competence at sentencing and (2) there is a reasonable probability Hecker was incompetent at sentencing.

As explained above, to meet the first *Strickland* prong, Hecker must show a factual basis indicating a questionable mental condition that should have caused his attorney to consider Hecker's mental condition and ability to proceed before allowing him to be sentenced. *Washington*, 598 S.W.3d at 668.

Hecker primarily relies on *Washington*, 598 S.W.3d at 656, and *Woods v. State*, 994 S.W.2d 32 (Mo. App. 1999), to argue counsel should have inquired as to Hecker's competence to be sentenced. Both cases are distinguishable from the instant case.[5]

---

[5] Hecker also asserts counsel prevented Hecker from participating in his SAR because Hecker could not rationally participate in the SAR. But, as the State argues, counsel did not state Hecker could not participate rationally; rather, counsel instructed Hecker not to participate in the SAR because of his diagnosis and mental health issues. Specifically, counsel's letter states: "Because of Mr. Hecker's diagnosis and mental health issues, I have instructed Mr. Hecker to not participate in any Sentencing Assessment Report interview." "The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial [or plead guilty]." *Henderson v. State*, 977 S.W.2d 508, 511 (Mo. App. 1998). Counsel testified at the sentencing hearing: "Is he competent? He's competent. He's competent. That's not the argument. I do not want the [c]ourt to take a negative or make a negative inference against Mr. Hecker based on my advice to him and my recommendations to you. That is all." Merely instructing Hecker not to participate in the SAR does not equate to incompetency.

10

First, in *Washington*, the court of appeals considered whether movant had alleged sufficient facts in the postconviction motion to warrant an evidentiary hearing on her claim that counsel was ineffective for failing to investigate her competency. 598 S.W.3d at 667. Movant alleged she was diagnosed with schizophrenia; was not taking her medication at the time of her guilty plea; and, at the guilty plea hearing, she exhibited the specific type of psychosis or delusion that doctors had reported. *Id.* at 668. The court of appeals concluded:

> When counsel is representing an accused diagnosed with a mental disease or defect *and* multiple examination reports agree medication impacts the accused's competence *and* the accused is not on medication at the time of the plea *and* the accused exhibits the same delusions and psychoses as appear in the examination reports, there is a factual basis indicating a questionable mental condition ….

*Id.* Similarly, Hecker argues his schizophrenia diagnosis, medication, and counsel's statement at the sentencing hearing that Hecker "suffers from schizophrenia and will make outlandish statements if under stress" constitute a factual basis indicating he had a questionable mental condition such that counsel should have investigated his competence. But, unlike in *Washington*, Hecker was taking his prescribed medications and did not exhibit delusions or psychoses at the sentencing hearing. Further, although counsel advised Hecker not to make a statement, counsel immediately following explained: "Is he competent? He's competent. He's competent. That's not the argument. I do not want the [c]ourt to take a negative or make a negative inference against Mr. Hecker based on my advice to him and my recommendations to you. That is all." *Washington* is factually distinguishable from the instant case.

11

Second, in *Woods*, the court of appeals found, despite the defendant's long history of mental illness, there was nothing at the time of the guilty plea to indicate to counsel, the prosecutor, or the plea court that the defendant was incompetent to proceed. 994 S.W.2d at 37-38. The court of appeals held counsel should have ordered a mental exam prior to sentencing, however, because after the guilty plea but prior to sentencing the defendant attempted suicide. *Id.* at 38-39. Unlike in *Woods*, Hecker's threatened suicide attempts occurred years before his guilty plea and sentencing proceedings. Hecker does not allege any actual change in his mental status after his guilty plea but before sentencing. *Woods* is factually distinguishable from the instant case.

As explained above, counsel testified at the evidentiary hearing that, at all times, he was "on the lookout" for whether Hecker understood the charges against him and the nature of the proceedings and that Hecker appeared to understand such at the guilty plea and sentencing hearings. Counsel's testimony is supported by the circuit court's observations that Hecker did not "act erratic or confused during either the plea hearing or at sentencing." Hecker fails to meet *Strickland*'s first prong. The circuit court did not clearly err in concluding counsel was not ineffective for failing to investigate Hecker's competence at sentencing.

## Conclusion

The circuit court did not clearly err in concluding Hecker's attorney was not ineffective for failing to investigate his competency at Hecker's guilty plea and sentencing proceedings.  The judgment is affirmed.

_____

Mary R. Russell, Chief Justice


Russell, C.J., Powell, Fischer,
Ransom, Wilson and Broniec, JJ., concur.
Gooch, J., not participating.